# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO.: 1:23-cv-21833-DPG

ZAGG, INC.,

                    Plaintiff,

      v.

TECHY DEALS INC d/b/a AMAZON
RESELLER "SUNSHINE DEALS 123,"

                   Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Techy Deals Inc. d/b/a Amazon Reseller "Sunshine Deals 123" ("Defendant"), by and through its attorneys, as and for its Answer and Affirmative Defenses to Plaintiff Zagg, Inc.'s ("Plaintiff") Complaint (the "Complaint"), respectfully sets forth as follows:[1]

## NATURE OF THIS ACTION

1.      In response to Paragraph No. 1 of the Complaint, Defendant admits Plaintiff claims to be seeking injunctive relief and monetary damages but denies it has committed any "trademark counterfeiting and infringement, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq."

2.      Defendant denies the allegations contained in Paragraph No. 2 of the Complaint.

3.      Defendant denies the allegations contained in Paragraph No. 3 of the Complaint.

4.      Defendant denies the allegations contained in Paragraph No. 4 of the Complaint.

---

[1] Defendant denies each and every heading and sub-heading in the Complaint to the extent it contains any allegations.

5.     Defendant denies the allegations contained in Paragraph No. 5 of the Complaint.

6.     Defendant denies the allegations contained in Paragraph No. 6 of the Complaint.

## JURISDICTION AND VENUE

7.     In response to Paragraph No. 7 of the Complaint, Defendant admits this Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) but denies any liability and denies that Plaintiff is entitled to the relief that it seeks.

8.     In response to Paragraph No. 8 of the Complaint, Defendant denies this Court can exercise supplemental jurisdiction over any pendant state law claim because Plaintiff has not asserted any claim for relief under state law.

9.     Defendant admits this Court has personal jurisdiction over it, that it has a place of business in this District, and has sold Zagg products, but otherwise denies the allegations contained in Paragraph No. 9 of the Complaint.[2]

10.     Defendant does not dispute venue is proper in this District because it resides here but otherwise denies the allegations contained in Paragraph No. 10 of the Complaint.[3]

## PARTIES

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 11 of the Complaint, and therefore denies them.

12.     Defendant admits it is a Florida corporation; does business or has done business and sold products to consumers, including Zagg products, using online commerce; and uses the

---

[2] The admissions in this paragraph pertain solely to the Southern District of Florida, not to the District of Massachusetts, where this case was originally brought before being transferred to this District.

[3] Defendant's lack of dispute that venue is proper pertains solely to the Southern District of Florida, not to the District of Massachusetts, where this case was originally brought before being transferred to this District.

seller name "Sunshine Deals 123," but otherwise denies the allegations contained in Paragraph No. 12 of the Complaint.

**FACTS**

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 13 of the Complaint, and therefore denies them.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 14 of the Complaint, and therefore denies them.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 of the Complaint, and therefore denies them.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 of the Complaint, and therefore denies them.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 of the Complaint, and therefore denies them.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 18 of the Complaint, and therefore denies them.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 19 of the Complaint, and therefore denies them.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 20 of the Complaint, and therefore denies them.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 21 of the Complaint, and therefore denies them.

22.     Defendant admits that Plaintiff is not affiliated with Defendant, denies that it was not authorized to use the ZAGG Marks, but otherwise lacks sufficient knowledge or information

to form a belief regarding the remaining allegations in Paragraph No. 22 of the Complaint, and therefore denies them.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 23 of the Complaint, and therefore denies them.

24.    Paragraph No. 24 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the document referenced in the paragraph for its complete and accurate contents and otherwise denies the allegations contained in this paragraph.

25.    Paragraph No. 25 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the document referenced in the paragraph for its complete and accurate contents and otherwise denies the allegations contained in this paragraph.

26.    Paragraph No. 26 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the document referenced in the paragraph for its complete and accurate contents and otherwise denies the allegations contained in this paragraph.

27.    Paragraph No. 27 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the document referenced in the paragraph for its complete and accurate contents and otherwise denies the allegations contained in this paragraph.

28.    Paragraph No. 28 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers

the Court to the document referenced in the paragraph for its complete and accurate contents and otherwise denies the allegations contained in this paragraph.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 29 of the Complaint, and therefore denies them.

30.    Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

31.    Defendant admits it has sold Zagg products on Amazon.com and has used the seller name, "Sunshine Deals 123," but otherwise denies the allegations contained in Paragraph No. 31 of the Complaint.

32.    Defendant admits it has offered for sale and sold Zagg products on Amazon.com listings, but otherwise denies the allegations contained in Paragraph No. 32 of the Complaint

33.    Paragraph No. 33 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the document referenced in the paragraph for its complete and accurate contents and otherwise denies the allegations contained in this paragraph.

34.    Defendant denies the allegations contained in Paragraph No. 34 of the Complaint.

35.    Defendant denies the allegations contained in Paragraph No. 35 of the Complaint.

36.    Defendant denies the allegations contained in Paragraph No. 36 of the Complaint.

37.    Paragraph No. 37 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the documents referenced in the paragraph for their complete and accurate contents and otherwise denies the allegations contained in this paragraph.

38.    Defendant denies the allegations contained in Paragraph No. 38 of the Complaint.

39.     Paragraph No. 39 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the documents referenced in the paragraph for their complete and accurate contents and otherwise denies the allegations contained in this paragraph.

40.     Defendant denies the allegations contained in Paragraph No. 40 of the Complaint.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 41 of the Complaint, and therefore denies them.

42.     Defendant denies the allegations contained in Paragraph No. 42 of the Complaint.

43.     Paragraph No. 43 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendant denies taking action to damage or mutilate Zagg product packaging or serial numbers, respectfully refers the Court to the documents referenced in the paragraph for their complete and accurate contents, and otherwise denies the allegations contained in this paragraph.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44 of the Complaint, and therefore denies them.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 45 of the Complaint, and therefore denies them.

46.     Defendant denies taking action to damage or mutilate Zagg product packaging or serial numbers but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 46 of the Complaint, and therefore denies them.

47.     Defendant denies taking action to damage or mutilate Zagg product packaging or serial numbers but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 47 of the Complaint, and therefore denies them.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48 of the Complaint, and therefore denies them.

49.     Defendant denies the allegations contained in Paragraph No. 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph No. 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph No. 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph No. 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph No. 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph No. 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph No. 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph No. 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph No. 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph No. 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph No. 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph No. 60 of the Complaint.

61.     Defendant denies the allegations contained in Paragraph No. 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph No. 62 of the Complaint.

## COUNT I
**(Trademark Counterfeiting and Infringement in Violation of 15 U.S.C. § 1114)**

63.     Defendant repeats and incorporates its responses to Paragraph Nos. 1-62 of the Complaint as if fully set forth herein.

64.     Defendant denies the allegations contained in Paragraph No. 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph No. 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph No. 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph No. 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph No. 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph No. 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph No. 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph No. 71 of the Complaint.

72.     Defendant denies the allegations contained in Paragraph No. 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph No. 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph No. 74 of the Complaint.

## <u>COUNT II</u>
### (Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a))

75.     Defendant repeats and incorporates its responses to Paragraph Nos. 1-74 of the Complaint as if fully set forth herein.

76.     Defendant denies the allegations contained in Paragraph No. 76 of the Complaint.

77.     Paragraph No. 77 of the Complaint contains legal and/or factual conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 78 of the Complaint, and therefore denies them.

79.     Defendant denies the allegations contained in Paragraph No. 79 of the Complaint.

80.     Defendant denies the allegations contained in Paragraph No. 80 of the Complaint.

81.     Defendant denies the allegations contained in Paragraph No. 81 of the Complaint.

82.     Defendant denies the allegations contained in Paragraph No. 82 of the Complaint.

83.     Defendant denies the allegations contained in Paragraph No. 83 of the Complaint.

## DEFENSES

Defendant sets forth below its affirmative defenses to the Complaint.  By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Plaintiff's allegations.

As separate and distinct affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, or one or more of the claims set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by the doctrine of fair use.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by the doctrine of trademark misuse because Plaintiff has engaged in one or more acts that have misused Plaintiff's alleged protected trademarks.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by their failure to bring suit against any actual alleged infringers of its marks and other necessary and indispensable parties.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not sustained any damages for which the Defendant is responsible.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by license or the doctrine of implied license because Plaintiff impliedly or explicitly, directly, or indirectly, authorized, licensed, consented to, or acquiesced to Defendant's alleged infringing use of Plaintiffs trademarks.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the exhaustion doctrine/"first sale doctrine."

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, because if Plaintiff has been damaged, it is the result of its own conduct or the conduct of third parties, for which Defendant is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

Without admitting the Complaint states a claim, any remedies are limited to the extent Plaintiff seeks an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses.  Defendant therefore reserves

its right to supplement or amend these defenses as discovery is conducted, and it does not knowingly or intentionally waive any applicable defense.

## JURY DEMAND

Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

A.      That Plaintiff takes nothing by reason of its Complaint;

B.      That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

C.      For judgment in favor of Defendant on Plaintiff's Complaint;

D.      For attorneys' fees and costs incurred to the extent permitted by law; and

E.      For such other and further relief as this Court may deem just and proper.

Dated:    May 23, 2023                    Respectfully submitted,

By: /s/ Lisa Paige Glass
Lisa Paige Glass
Fla. Bar. No. 71758
**GLASS LAW OFFICE, P.A.**
1279 West Palmetto Park Road, Suite 273721
Boca Raton, FL 33486
Telephone: (561) 614-6060
Facsimile: (561) 614-6061
LGlass@GlassLawOfficePA.com

and

**TARTER KRINSKY & DROGIN LLP**

Joel H. Rosner
NY Bar No. 4359808
PA Bar No. 321695
(*pro hac vice application to be filed forthwith*)
1350 Broadway

11

New York, New York 10018
Telephone:  212-216-8000
Facsimile:  212-216-8001
jrosner@tarterkrinsky.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 23, 2023, a true and correct copy of the foregoing was served

on all counsel of record via CM-ECF.

By: *<u>/s/ Lisa Paige Glass</u>*
Lisa Paige Glass

12