UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ZAGG INC,                                           Case No.: 1:23-cv-21833-DPG

       Plaintiff,

v.

TECHY DEALS INC. d/b/a AMAZON
RESELLER "SUNSHINE DEALS 123,"

       Defendant.
_____/

## JOINT SCHEDULING REPORT

Pursuant to L.R. 16.1(b) and this Court's July 17, 2023 Order (ECF No. 27), Plaintiff ZAGG Inc ("ZAGG") and Defendant Techy Deals Inc. ("Techy Deals") (together, the "Parties") hereby submit this Joint Scheduling Report. A Joint Proposed Scheduling Order is attached hereto pursuant to L.R. 16.1(b)(3) and this Court's Order.

**Information required by S.D. Fla. L.R. 16.1(b)(2):**

**(A) Likelihood of Settlement.**

Settlement discussions between ZAGG and Techy Deals are ongoing. The Parties will notify the Court immediately should the case settle.

**(B) Likelihood of Appearance in the Action of Additional Parties.**

ZAGG does not anticipate bringing additional parties in this action. Techy Deals intends to serve counterclaims that will also be brought against additional parties, including but not limited to, Screenya LLC, an entity closely related to ZAGG.

**(C) Proposed limits on the time: (i) to join other parties and to amend the pleadings; (ii) to file and hear motions; and (iii) to complete discovery.**

Please see the Joint Proposed Scheduling Order attached hereto.

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

ZAGG has filed what it contends is a straightforward Complaint asserting two substantive counts against Techy Deals: (I) trademark counterfeiting and infringement, in violation of 15 U.S.C. § 1114; (II) false advertising / unfair competition, in violation of 15 U.S.C. § 1125(a). Techy Deals has raised several affirmative defenses in response thereto. Techy Deals intends to serve counterclaims, which may also result in amendments to its affirmative defenses. As such, the Parties do not believe that any simplification of issues is feasible in this case. A proposed schedule for summary judgment motions is included in the Joint Proposed Scheduling Order attached hereto.

**(E) The necessity or desirability of amendments to the pleadings.**

ZAGG does not anticipate the need to amend its pleadings. Techy Deals' anticipated counterclaims may also result in amendments to its answer to the Complaint and/or its affirmative defenses. A deadline by which any amendments must be completed is included in the attached Joint Proposed Scheduling Order.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

The Parties do believe that the evidentiary record can be streamlined in this case by obtaining admissions of fact and stipulations as to the authenticity of documents. The Parties agree to work together in good faith on such issues prior to filing any summary judgment motions.

**(G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

ZAGG contends this is a straightforward trademark infringement and false advertising case. However, Techy Deals disputes this. The counterclaims Techy Deals anticipates bringing will set forth allegations showing ZAGG has brought this action for anticompetitive purposes. The Parties do not believe that there will be any issues of cumulative or unnecessary proof.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master.**

The Parties do not feel that there are any complicated factual issues that would benefit from a Magistrate Judge or master, and decline to request referral to either at this time.

**(I) A preliminary estimate of the time required for trial.**

The Parties estimate that they will require one to three full days for trial.

**(J) Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

The Parties request a final pretrial conference in June 2024, and a trial date in August 2024.

**(K) Any issues about:**

**(i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties intend to enter into an ESI protocol that will cover all issues.

**(ii) claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert those claims after production - whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties believe that a protective order is required. The case will concern the Parties' commercial business practices and financial affairs, both of which likely include proprietary and confidential information of the parties. Entry of a protective order at this juncture will simplify the production of documents in discovery.

**(iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

The Parties discussed the ESI Checklist at their conference. No substantive disagreements were identified at that time.

**(L) Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

None.

Dated: July 27, 2023                                                    Respectfully submitted,

| | |
|---|---|
| /s/ Mallory M. Cooney | /s/ Lisa Paige Glass |
| Mallory M. Cooney | Lisa Paige Glass |
| Florida Bar No. 125659 | Florida Bar No. 71758 |
| mallory.cooney@klgates.com | LGlass@GlassLawOfficePA.com |
| **K&L GATES LLP** | **GLASS LAW OFFICE, P.A.** |
| 200 South Biscayne Boulevard, Suite 3900 | 1279 West Palmetto Park Road, Ste. 273721 |
| Miami, Florida 33131 | Boca Raton, FL 33486 |
| Telephone: (305) 539-3300 | Telephone: (561) 614-6060 |
| Facsimile: (305) 358-7095 | Facsimile: (561) 614-6061 |
| | |
| Morgan T. Nickerson, Esq. | Joel H. Rosner, Esq. |
| (*Pro Hac Vice*) | (*Pro Hac Vice*) |
| morgan.nickerson@klgates.com | jrosner@tarterkrinsky.com |
| **K&L GATES LLP** | **TARTER KRINSKY & DROGIN LLP** |
| State Street Financial Center | 1350 Broadway |
| One Lincoln Street | New York, New York 10018 |
| Boston, MA 021111 | Telephone: 212-216-8000 |
| Telephone: (617) 261-3100 | Facsimile: 212-216-8001 |
| Facsimile: (617) 261-3175 | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |